# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### CASE NO. 1:21-cv-00548

U.S. District Court
Wisconsin Eastern

MAY - 4 2021

FILED
Clerk of Court

**ADAM P. FAUST,**
**CHRISTOPHER C. BAIRD,**
**JONATHAN P. STEVENS,**
**JAY T. SLABA,**
**JOSEPH W. SCHMITZ, Plaintiffs,**

**v.**

**THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture,**
**ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, Defendants.**

## MOTION TO JOINDER COREY LEA AS A PLAINTIFF PURSUANT FRCP 20(a)(1)(b) AND CROSS CLAIM AGAINST PLAINTIFF FAUST, BAIRD, STEVENS, SLABA AND SCHMITZ IN REGARDS TO REQUESTED INJUNCTIVE RELIEF

Comes now, Corey Lea, a Socially Disadvantaged Farmer, who resides in Murfreesboro, Tn..

The purpose of Rule 20(a) is to address "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Nonetheless, permissive joinder is not proper in

1

all situations. To join together in one action, plaintiffs must meet two specific requirements: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley, 497 F.2d at 1332; see Rule 20(a). Joinder is proper only if both of these requirements are satisfied. James Wm. Moore, et al., 4 Moore's Federal Practice § 20.02[2][a][ii] (3d ed. 2014).

## ARGUMENT

1. Corey Lea is a Socially Disadvantaged Farmer that is affected by the Emergency Debt Relief for People of Color Act of 2021.

2. Any change in the calculation by the amount of debt relief owed by the estimated 15,000 to 17,000 Socially Disadvantaged Farmers by allowing similarly situated White farmers into this calculation would reduce the amount of money mandated to the Secretary to Agriculture to write off.

3. Similarly situated White farmers received nearly 9.7 Billion dollars in pandemic relief in October of 2020. Socially Disadvantaged Farmers received less than 1 percent of that money.

2

4. White women, who are also classified as Socially Disadvantaged Farmers and Ranchers, received more than any other group classified as Socially Disadvantaged Farmers.

5. White men often receive loans from the defendants indirectly were allowed to double dip into pandemic relief by having some of the farm operating loans and farm ownership loans in the names of their wives and kids, but ultimately control the everyday operation in which those loans support.

6. If plaintiffs Faust, Baird, Stevens, Slaba and Schmitz are granted request relief of enjoining the defendants from calculating debt write off based on racial classification, the Socially Disadvantaged Farmers will receive even less emergency relief that the defendants have admitted discriminatory acts that led to the appropriation of funds by a Congressional Act.

**CROSS CLAIM AGAINST PLAINTIFFS FAUST, BAIRD, STEVENS, SLABA AND SCHMITZ FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND THEREFORE REQUEST TO ENJOIN THE DEFENDANT SHOULD BE DENIED**

7. In essence, the plaintiffs are asking this court to enjoin the Secretary of Agriculture from using race classification to calculate the amount

3

of debt right off or otherwise a Equal Protection Component of the Due Process Clause of the Fifth Amendment claim.

8. The plaintiffs did not support their argument with a final agency decision from the Secretary of Agriculture as required by the Administrative Procedures Act.

9. "Only in the event USDA were to take final action against Plaintiffs based on such a determination would an administrative record containing the reasons for the action be compiled for judicial review. Accordingly, as in Toilet Goods (which itself involved a challenge to a regulation), "we have no idea whether or when" the agency will act "and what reasons the [agency] will give to justify" its action. 387 U.S. at 163; see also Bethlehem Steel, 536 F.2d at 161 (issues were not fit for review where they were part of a continuing agency process that had not resulted in final agency action); Diversified Chem., 432 F. Supp. at 853 (agency interpretation that propellants sold by plaintiff were subject to price regulation and notice of probable violation did not make claim ripe for review)."

**IN CONCLUSION**

The motion for joinder should be granted.

4

Prayer of relief for cross claim:

Plaintiffs Faust, Baird, Stevens, Slaba and Schmitz are to be required to post a 4 billion dollar bond or otherwise the full amount of debt relief allocated by Congress in the Cares Act or otherwise known as the Warnock Bill.

Respectfully Submitted,

Corey Lea
P.O. Box 422
Arrington, Tn. 37014
615 308 7787

I certify that a true and correct copy was mailed to:

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
330 E. Kilbourn, Suite 725 Milwaukee, WI 53202-3141