UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM P. FAUST, et al.,

        Plaintiffs,

       v.                                 Case No. 21-C-548

THOMAS J. VILSACK, et al.,

        Defendants.

## ORDER

Plaintiffs brought this action seeking to challenge the United States Department of Agriculture's implementation of Section 1005 of the American Rescue Plan Act of 2021 (ARPA). On May 4, 2021, Corey Lea moved to join the action as a plaintiff and file a crossclaim against the plaintiffs. For the following reasons, the motion will be denied.

Lea filed his motion to join pursuant to Rule 20 of the Federal Rules of Civil Procedure. Rule 20 provides that a person may join an action as a plaintiff if he asserts "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20 is not the proper vehicle for a non-party to join a lawsuit, however. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994). Instead, an individual seeking to join a lawsuit should move to intervene pursuant to Rule 24.

As an initial matter, Lea has failed to file a pleading setting out the claim or defense for which he seeks to intervene in accordance with Rule 24(c). *See* Fed. R. Civ. P. 24(c) ("A motion

to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."). Even if Lea had complied with this requirement, he has not met his burden to show that he satisfies the requirements for intervention as of right pursuant to Rule 24(a) or permissive intervention pursuant to Rule 24(b).

Rule 24(a) provides for intervention as of right for a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The non-party must meet four requirements: "(1) the application must be timely; (2) 'the applicant must claim an interest relating to the property or transaction which is the subject of the action;' (3) 'the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;' and (4) 'existing parties must not be adequate representatives of the applicant's interest.'" *Heartwood, Inc. v. United States Forest Service, Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 945–46 (7th Cir. 2000)). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

Lea alleges that he is a socially disadvantaged farmer and that applying the loan forgiveness provision in Section 1005 of the ARPA to certain white farmers would reduce the amount of money that could go to him. His allegations demonstrate that his goal is the same as Defendants', and Defendants already represent his interests. "Where the prospective intervenor and the named party have 'the same goal' . . . there is a rebuttable presumption of adequate representation that requires

2

a showing of 'some conflict' to warrant intervention." *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019) (quoting *Wis. Educ. Assoc. Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013)). Lea has not demonstrated that such a conflict exists. In short, Lea has not satisfied the elements of intervention as of right.

Rule 24(b) governs permissive intervention and provides that the court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 21(b)(1)(B). "Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Lea requests to intervene as a plaintiff to file a crossclaim against the existing plaintiffs based on their alleged failure to obtain a final agency action. His allegations do not constitute cognizable claims or defenses against the parties in this matter. Again, any interest Lea may have in this matter is represented by Defendants. Therefore, the Court will not permit him to intervene.

**IT IS THEREFORE ORDERED** that Corey Lea's motion for joinder (Dkt. No. 6) is **DENIED**.

Dated at Green Bay, Wisconsin this 10th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge