IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM P. FAUST, CHRISTOPHER C. BAIRD, JONATHAN P. STEVENS, JAY T. SLABA, and JOSEPH W. SCHMITZ, | |
| Plaintiffs, | Civil Action No. 21-cv-548-WCG |
| v. | |
| THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*, | |
| Defendants. | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE BRIEF IN EXCESS OF 30 PAGES

Defendants Tom Vilsack, in his official capacity as Secretary of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (collectively, USDA), hereby seek leave to file a response brief in opposition to Plaintiffs' Motion for Preliminary Injunction of up to 40 pages in length, in excess of the page limits provided by Local Rule 7(f).

1. As this Court is aware, Plaintiffs' Complaint and Motion for Preliminary Injunction challenge a USDA program designed to provide debt relief for socially disadvantaged farmers and ranchers, as authorized by the American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4 (ARPA), on grounds that the program violates equal protection principles.

2. This recently authorized program, which is of significant interest to the Government, has received media attention and is the subject of several other lawsuits in courts around the country. *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.); *Wynn v. Vilsack*, 3:21-cv-514

(M.D. Fla.); *Carpenter v. Vilsack*, 21-cv-103 (D. Wyo.); *Holman v. Vilsack*, 21-cv-1085 (W.D. Tenn.); *Kent v. Vilsack*, 21-cv-540 (S.D. Ill.); *McKinney v. Vilsack*, 21-cv-212 (E.D. Tex.).

3. On June 10, this Court granted Plaintiffs' Motion for a Temporary Restraining Order (TRO), which remains in effect until the Court rules on Plaintiffs' Motion for a Preliminary Injunction. ECF No. 21.

4. The Court's nationwide injunction, which temporarily prevents of the issuance of loan payments under Section 1005, has a significant impact on the Government and the public's interests, in particular on the interests of those who qualify for debt relief under Section 1005.

5. Defendants anticipate requiring more than 30 pages to respond sufficiently to the arguments made in Plaintiffs' reply in support of their motion for a TRO and the conclusions reached in the Court's opinion accompanying the TRO and to demonstrate that Plaintiffs' additional request for a preliminary injunction is not warranted.

6. In particular, Defendants' arguments on the merits of Plaintiffs' equal protection claim require the Government to show that it had a strong basis in evidence to conclude that the effects of discrimination against minority farmers in USDA programs persist, such that the remedy in Section 1005 was necessary. That showing will involve an explication of the numerous investigations, reports, articles, and congressional testimony over decades that have documented the discrimination against minority farmers in USDA programs and thus demonstrate that the Government had a strong basis in evidence to conclude that the debt relief to socially disadvantaged farmers and ranchers under Section 1005 was necessary to serve its compelling interests. In addition to the merits of Plaintiffs' equal protection claim, Defendants will address the other preliminary injunction factors, responding to Plaintiffs' arguments and the Court's analysis in the TRO Opinion.

2

Case 1:21-cv-00548-WCG   Filed 06/14/21   Page 2 of 4   Document 27

7.      To enable Defendants to adequately brief all issues and thereby fully assist the Court in resolving the Motion for Preliminary Injunction, Defendants respectfully request leave to file a response brief of up to 40 pages.

8.      Given the importance of the issues involved in this case and the significance of a further nationwide injunction pending resolution of the case, additional pages for Defendants' response is warranted and would be beneficial for full consideration of the issues by this Court.

9.      If the Court grants Defendants' motion, Defendants would not oppose a proportional page extension of up to 20 pages for Plaintiffs' reply brief, should Plaintiffs request such an extension.

10.     Counsel for Defendants have conferred with Plaintiffs' counsel over email, and Plaintiffs oppose the motion for leave to file a brief of up to 40 pages.

DATED: June 14, 2021                     Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General

                                         LESLEY FARBY
                                         Assistant Branch Director
                                         Civil Division, Federal Programs Branch

                                         */s/ Kyla M. Snow*
                                         EMILY SUE NEWTON (VA Bar No. 80745)
                                         Senior Trial Counsel
                                         KYLA M. SNOW (Ohio Bar No. 96662)
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L Street, NW
                                         Washington, D.C. 20005
                                         Tel: (202) 514-3259 / Fax: (202) 616-8460
                                         Kyla.snow@usdoj.gov

                                         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I filed with the Court and served on opposing counsel through the CM/ECF system the foregoing document.

Dated: June 14, 2021

*s/ Kyla M. Snow*
KYLA M. SNOW
Trial Attorney
United States Department of Justice