IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ADAM P. FAUST et al.,

    Plaintiffs,

  v.                                        Case No. 1:21-cv-00548-WCG

THOMAS J. VILSACK et al.,

    Defendants.

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

WISCONSIN INSTITUTE FOR LAW & LIBERTY

Rick Esenberg
*rick@will-law.org*

Daniel P. Lennington
*dan@will-law.org*

Luke N. Berg
*luke@will-law.org*

Katherine D. Spitz
*kate@will-law.org*

330 E. Kilbourn, Suite 725
Milwaukee, WI 53202-3141
Phone: 414-727-9455
Fax: 414-727-6385

*Attorneys for Plaintiffs*

On June 24, 2021, this Court held a telephonic hearing to consider whether the Court should rule on the pending motion for a preliminary injunction in light of the preliminary injunction issued recently in *Wynn v. Vilsack*, No. 21-514-MMH-JRK, (M.D. Fla. June 23, 2021). At the conclusion of that telephonic hearing, the Court requested additional briefing on the propriety of issuing an overlapping injunction. In support of Plaintiffs' arguments, Plaintiffs offer the following authorities for the Court's consideration:

1. There is nothing extraordinary about district courts issuing overlapping injunctions; in fact, this practice was commonplace during the Trump Administration. To give just a few examples, in 2017, four district courts granted a national injunction related to President Trump's memorandum excluding transgender individuals from the military. *See Doe 1 v. Trump*, 275 F. Supp. 3d 167, 217 (D.D.C. Oct. 30, 2017) (granting national injunction against Trump's memorandum excluding transgender individuals from the military); *Stone v. Trump*, 280 F. Supp. 3d 747, 771 (D. Md. Nov. 21, 2017) (same); *Karnoski v. Trump*, No. C17-1297-MJP, 2017 WL 6311305 (W.D. Wash. Dec. 11, 2017) (same); *Stockman v. Trump*, No. EDCV171799, 2017 WL 9732572 (C.D. Cal. Dec. 22, 2017) (same).

Four district courts also issued preliminary injunctions against the Protect Life Rule in April and May 2019. *See Washington v. Azar,* No. 1:19-cv-03040-SAB (ECF No. 54) (E.D. Wash. April 25, 2019) (nationwide injunction issued against the enforcement of the Trump Administration's Protect Life rule); *Oregon v. Azar,* No. 6:10-cv-00317 (ECF No. 142) (D. Ore. April 29, 2019) (redundant nationwide

injunction issued against the enforcement of the Trump Administration's Protect Life rule); *California v. Azar,* No. 3:19-cv-01184-EMC (ECF No. 103) (N.D. Cal. April 26, 2019) (redundant injunction issued against the enforcement of the Trump Administration's Protect Life rule limited to the named plaintiffs); *City and County of Baltimore v. Azar,* No. 1:19-cv-01103-RDB (ECF No. 43) (D. Md. May 30, 2019) (redundant injunction issued against the enforcement of the Trump Administration's Protect Life rule limited to the named plaintiffs).

More recently, in 2020, three district courts enjoined the enforcement of a rule promulgated by the U.S. Department of Education. *See Washington v. DeVos*, No. 2:20-cv-1119 (W.D. Wash. Aug. 21, 2020) (granting a nationwide preliminary injunction against the United States Department of Education and Secretary DeVos from implementing an interim final rule); *Michigan v. DeVos*, No. 3:20-cv-4478 (N.D. Cal. Aug. 26, 2020) (granting an overlapping preliminary injunction of the same rule applicable to the plaintiffs (multiple states and school districts)); *NAACP v. DeVos*, No. 20-cv-1996 (D.D.C. Sept. 4, 2020) (treating plaintiffs' preliminary injunction motion as an expedited summary judgment motion and vacating that same rule).

Thus, overlapping injunctions are not uncommon. Notably, the government cites no authority prohibiting a district court from entering a preliminary injunction after a different court has issued the same preliminary relief.

2. Nor are such injunctions anomalous. In this case (and the examples above), Plaintiffs have demonstrated that they are entitled to a temporary restraining order and, we believe, a preliminary injunction. Plaintiffs' entitlement to an order

- 2 -
Case 1:21-cv-00548-WCG   Filed 06/25/21   Page 3 of 6   Document 44

injunction issued against the enforcement of the Trump Administration's Protect Life rule); *California v. Azar,* No. 3:19-cv-01184-EMC (ECF No. 103) (N.D. Cal. April 26, 2019) (redundant injunction issued against the enforcement of the Trump Administration's Protect Life rule limited to the named plaintiffs); *City and County of Baltimore v. Azar,* No. 1:19-cv-01103-RDB (ECF No. 43) (D. Md. May 30, 2019) (redundant injunction issued against the enforcement of the Trump Administration's Protect Life rule limited to the named plaintiffs).

More recently, in 2020, three district courts enjoined the enforcement of a rule promulgated by the U.S. Department of Education. *See Washington v. DeVos*, No. 2:20-cv-1119 (W.D. Wash. Aug. 21, 2020) (granting a nationwide preliminary injunction against the United States Department of Education and Secretary DeVos from implementing an interim final rule); *Michigan v. DeVos*, No. 3:20-cv-4478 (N.D. Cal. Aug. 26, 2020) (granting an overlapping preliminary injunction of the same rule applicable to the plaintiffs (multiple states and school districts)); *NAACP v. DeVos*, No. 20-cv-1996 (D.D.C. Sept. 4, 2020) (treating plaintiffs' preliminary injunction motion as an expedited summary judgment motion and vacating that same rule).

Thus, overlapping injunctions are not uncommon. Notably, the government cites no authority prohibiting a district court from entering a preliminary injunction after a different court has issued the same preliminary relief.

2. Nor are such injunctions anomalous. In this case (and the examples above), Plaintiffs have demonstrated that they are entitled to a temporary restraining order and, we believe, a preliminary injunction. Plaintiffs' entitlement to an order

protecting them from unconstitutional and irreparable harm cannot turn on the actions of another judge in another circuit in a case to which they are not a party and have no right to be heard.

3. The injunction in *Wynn v. Vilsack* will likely be appealed very soon. The government did not represent that an appeal was unlikely. Nor is a preliminary injunction a final decision. They can be vacated or modified. Additionally, acting on the pending motion now is important because this case may differ in some material way from *Wynn v. Vilsack*. Here there are 12 plaintiffs all with a robust record of documented injuries, whereas the *Wynn* case has a single plaintiff. Something could happen to the plaintiff there that would moot that case. And the parties in each case may have raised different arguments. If the injunction in that case is vacated or limited for some reasons unique to that plaintiff or case, then Plaintiffs in this case would be prejudiced—and immediately and irreparably harmed—if the government began forgiving loans before Plaintiffs could re-file, and this Court resolve, a renewed preliminary injunction motion.

4. Apart from Plaintiffs' right to relief that cannot immediately vanish without the opportunity to be heard, decisions from multiple district courts and circuits are especially important in a case and program of this importance. The legality of ARPA's race-based loan forgiveness program will likely ultimately need to be resolved by the Supreme Court, and that Court benefits from the separate analyses of multiple lower courts.

5. Deferring or denying an injunction in this case would effectively make the Eleventh Circuit the only relevant Court of Appeals circuit on this issue, even though Plaintiffs filed their case in the Seventh Circuit (that is, unless this Court is prepared to act very quickly in the event that the Eleventh Circuit vacates or modifies the injunction).

6. Plaintiffs note that, if this Court agrees with Plaintiffs and proceeds to decide their preliminary injunction motion, it should issue a decision before July 7, if possible. A TRO that "is extended beyond the 28–day limit … becomes in effect a preliminary injunction that is appealable." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012) (citing *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974)). As noted at the hearing, the Seventh Circuit will benefit from a fulsome analysis from this Court of the full record and arguments presented on the preliminary injunction motion.

7. Finally, if this Court decides not to proceed with the preliminary injunction motion, it should, at the very least, set an expedited schedule to reach a final judgment in this case and be prepared to issue another TRO and/or preliminary injunction, on an expedited basis, should the Eleventh Circuit vacate or modify the injunction in the *Wynn* case.

Dated: June 25, 2021

<div style="margin-left: 40%;">

WISCONSIN INSTITUTE FOR LAW & LIBERTY
Attorneys for Plaintiffs

Rick Esenberg
*rick@will-law.org*

*/s/ Daniel P. Lennington*
Daniel P. Lennington
*dan@will-law.org*
Luke Berg
*luke@will-law.org*
Katherine D. Spitz
*kate@will-law.org*
330 E. Kilbourn, Suite 725
Milwaukee, WI 53202-3141
PHONE: 414-727-9455
FAX: 414-727-6385

</div>