UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADAM P. FAUST, et al.,

    Plaintiffs,

v.                                           Case No. 21-C-548

THOMAS J. VILSACK, et al.,

    Defendants.

# ORDER

    Plaintiffs brought this action challenging the United States Department of Agriculture's implementation of Section 1005 of the American Rescue Plan Act of 2021 (ARPA). This matter comes before the Court on Lee Perry's motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Because Perry has not met his burden to show that he satisfies the requirements for intervention as of right under Rule 24(a) or permissive intervention pursuant to Rule 24(b), the motion is denied.

    Rule 24(a) provides for intervention as of right for a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The non-party must meet four requirements: "(1) the application must be timely; (2) 'the applicant must claim an interest relating to the property or transaction which is the subject of the action;' (3) 'the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest;' and (4) 'existing parties must not be adequate representatives of the applicant's interest.'" *Heartwood, Inc. v. United States Forest Service, Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (quoting *Sokaogon Chippewa Cmty. v. Babbitt*,

214 F.3d 941, 945–46 (7th Cir. 2000)). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002).

Perry asserts that the Court should deny Plaintiffs' request for a temporary restraining order or preliminary injunction. His assertions demonstrate that his goal is the same as Defendants' and Defendants already represent his interests. "Where the prospective intervenor and the named party have 'the same goal' . . . there is a rebuttable presumption of adequate representation that requires a showing of 'some conflict' to warrant intervention." *Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 799 (7th Cir. 2019) (quoting *Wis. Educ. Assoc. Council v. Walker*, 705 F.3d 640, 659 (7th Cir. 2013)). Perry has not demonstrated that such a conflict exists; therefore, he has not satisfied the elements of intervention as of right.

Rule 24(b) governs permissive intervention and provides that the court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 21(b)(1)(B). "Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Perry has not asserted any claim or defense here, so he has failed to establish that he has a claim or defense that shares with the main action a common question of law or fact. Accordingly, the Court will not permit Perry to intervene.

**IT IS THEREFORE ORDERED** that Lee Perry's motion to intervene (Dkt. No. 38) is **DENIED**.

Dated at Green Bay, Wisconsin this 30th day of July, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge