UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

ADAM P. FAUST, et al.,

        Plaintiffs,

        v.                                                     Case No. 21-C-548

THOMAS J. VILSACK, et al.,

        Defendants.

___

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR A STAY**

___

        Plaintiffs, twelve farmers who reside in nine different states, including Wisconsin, brought this action against the Secretary of Agriculture and the Administrator of the Farm Service Agency (FSA), seeking to enjoin officials of the United States Department of Agriculture (USDA) from implementing a loan-forgiveness program for socially disadvantaged farmers and ranchers under Section 1005 of the American Rescue Plan Act of 2021 (ARPA). This matter comes before the Court on Defendants' motion to stay proceedings pending resolution of a related class action in *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex.). For the following reasons, Defendants' motion will be granted.

        The decision to grant a motion to stay proceedings is within the district court's discretion, and such power is identical to the inherent power in every court to control its docket given considerations of judicial economy and of the burden on the court and the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In evaluating a motion to stay, courts consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in

question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The court must balance these factors "in light of the court's strict duty to exercise jurisdiction in a timely manner." *Id.*

Defendants request that the Court stay proceedings in this case until the final resolution of the class challenge to Section 1005 in *Miller*. They assert that Plaintiffs are members of the two classes certified by the *Miller* court under Rule 23(b)(2) and that Defendants will be bound by any relief granted to the classes with respect to Plaintiffs in the event the *Miller* plaintiffs' claims prevail. Defendants contend that a stay promotes judicial economy because continued adjudication of this case would be unnecessarily duplicative, waste resources, and risk inconsistent results. In addition, Defendants argue that a stay would not prejudice Plaintiffs because they are class members and will be bound by and benefit from any final judgment applicable to the classes, they are currently protected by the nationwide preliminary injunctions that have been entered in a number of cases, including in *Miller*, and the proceedings in the two cases are just commencing.

The Court concludes that the interests of judicial economy and efficiency militate in favor of a stay. Because Plaintiffs are members of the classes certified by the *Miller* court, *Miller* involves the same parties, claims, and requests for relief. Plaintiffs do not dispute that they are class members and would receive relief in *Miller*. Instead, they argue that they may attempt to opt out of the *Miller* class. Although Rule 23(b)(2) classes generally do not mandate notice and an opportunity to opt-out, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361–63 (2011), in the event Plaintiffs do opt out of the class, they can advise the Court and move to lift the stay.

Plaintiffs argue that the right to advance their own legal theories through their own counsel are not adequately protected by a stay. They contend that the interests of Plaintiffs in this case and the class in *Miller* may not necessarily overlap and that counsel in *Miller* "may be compelled to

2

devote resources to arguing factual issues distinct from those of Plaintiffs in this case (and in other cases filed across the country)." Dkt. No. 61 at 9. But in granting the motion for class certification, the *Miller* court determined that class counsel "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief." Dkt. No. 51-1 at 13. To the extent Plaintiffs disagree with class counsel's litigation strategy or approach, Plaintiffs have a number of procedural mechanisms available to them to raise their concerns in *Miller*, including intervention and amici briefs. Plaintiffs also assert that it is likely that the class action will take longer to resolve than the instant case. In the event progress in the *Miller* case is significantly delayed, the injunction is lifted, or the class is decertified, Plaintiffs can seek relief in this Court. In short, a stay will not unduly prejudice Plaintiffs. Conversely, a stay would avoid hardship to the government, which would otherwise be tasked with defending against numerous, identical actions across the country at the same time. In other words, a stay would reduce the costs and burden of litigation on the parties and on the court. Staying this action will allow for judicial expediency, efficiency, and consistency.

Accordingly, Defendants' motion for a stay (Dkt. No. 51) is **GRANTED**. This case is stayed pending resolution of the class challenge to Section 1005 in *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex.). Defendants must file a status report every six months on the progress of the *Miller* case. The motion to intervene (Dkt. No. 34) and motion for leave to file amici curiae brief (Dkt. No. 41) are **DENIED** without prejudice. In the event the stay is lifted, the motions may be refiled.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
